UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRANDON WILLIAMS,**

      **Plaintiff,**

v.            CIVIL ACTION NUMBER: 2:22-cv-00388

**SERGEANT M. MITCHELL,**
**OFFICER STEVEN B. STONE,**
**OFFICER JOHN D. McCLANAHAN,**
**OFFICER RODNEY VANFAUSSIEN,**
**OFFICER JOHN DOE who responded to the scene of**
**the accident on September 30, 2020, at Shore Drive**
**and Pretty Lake Avenue, Norfolk, Virginia,**
**Case No.: P20093000225 involving Rex Aman**
**and Brandon Williams,**
**and**
**All JOHN DOE NORFOLK POLICE OFFICERS**
**who responded to the scene of the accident**
**of September 30, 2020, at Shore Drive and**
**Pretty Lake Avenue, Norfolk, Virginia,**
**Case No.: P20093000225 involving Rex Aman**
**and Brandon Williams,**

      **Defendants.**

## SECOND AMENDED COMPLAINT

Plaintiff Brandon Williams, by counsel, hereby moves this Court for judgment and execution against the Defendants, jointly and severally, for the following:

1. This is an action under 42 U.S.C. § 1983 for violation of Williams' Constitutional rights and for related state law claims. This cause of action arose on or about September 15, 2020 and continued to September 30, 2020.

**Jurisdiction and Venue**

2. This action arises under the United States Constitution, particularly under the provisions of the First Amendment, Fifth Amendment, Sixth Amendment and the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. § 1983, as amended.

3. This Court has jurisdiction of this cause under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (a)(4), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Williams's state law claims.

4. This action arose out of events occurring in Norfolk, Virginia. Venue over Williams's claims under 42 U.S.C. § 1983 is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**Defendant McClanahan charges Williams**

5. In January, 2020, Williams was detained by Defendant McClanahan on a misdemeanor trespassing charge.

6. At the initial trial on the charge, Officer McClanahan lied in court, which resulted in Williams's initial conviction. Williams appealed. Thankfully, Williams had recorded his initial interaction with Officer McClanahan. That recording confirmed that Officer McClanahan had, in fact, lied in court.

7. The appeal to circuit court was heard, and the order dismissing the charges against Williams was entered, on September 15, 2020.

**The September 30, 2020 Accident**

8. Two weeks later, on or about September 30, 2020, Williams, was operating his vehicle in a careful, prudent, and non-negligent manner while driving on Shore Drive in Norfolk, Virginia.

9. At the same time and place, a third party, Rex Aman was operating his vehicle in a willful, wanton, and grossly negligent manner in that he was driving in excess of 75 miles an hour, failing to keep his vehicle in his own lane, and was under the influence of alcohol.

10. As a result of Aman's actions, Aman's vehicle collided violently with Williams's vehicle, causing serious injury to Williams.

11. There were eyewitnesses to the accident which put Aman's speed at in excess of 75 miles an hour. Those eyewitnesses came forward at the scene to speak with the police officers who responded to the accident.

12. Aman's blood alcohol level was .30 at the time of the accident, which means he was barely conscious.

**Defendant McClanahan and the other Defendants respond
and Falsely report on the Accident**

13. Various Norfolk police officers, including Defendant McClanahan and all of the Defendants, arrived at the scene to investigate the happening of the accident caused by Aman.

14. Having had the interaction with Williams on the trespassing charge two weeks earlier, when the Defendant police officers showed up at the scene of this accident, they made specific comments about Williams, which evidenced their intent to deny Williams his Constitutional rights and equal protection under the laws.

15. Specifically, all the Defendants conspired, not limited to Defendants McClanahan, Stone and Mitchell, to ensure Williams could not receive equal protection under the law after this accident. At the scene, Defendant Van Faussien said, while pointing to Williams, "This is the guy that gave McClanahan a ration of shit" – referring to Williams' defense of the trespassing charge.

16. Despite eyewitnesses to the accident, despite a debris field which clearly showed a high impact accident, despite Aman clearly being under the influence of alcohol, the police officers conspired to deprive Williams of his property right to bring a claim for the injuries from the accident by trying to minimize the accident and deflect blame from Aman.

17. Specifically, the Defendants made misrepresentations on the accident report, which falsely reported that Aman was driving the speed limit, had not been drinking, and that his car had suffered a steering defect.

18. All the Defendant officers were acting within the scope of their employment with the Norfolk Police Department and were acting under the color of state law. All the officers had a duty under the United States Constitution not to deny Williams his Constitutional rights and equal protection under the laws.

19. One of the individuals at the accident scene who was conspiring with the other officers was Sergeant M. Mitchell.

20. As a sergeant with the Norfolk Police Department, Sergeant Mitchell was in a supervisory position and not only was in a position to approve the illegal conduct but to ratify it on behalf of the City of Norfolk.

### Count I - Denial of Due Process/Denial of Equal Protection

21. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

22. In prosecuting the original claim for misdemeanor trespassing, Defendant McClanahan lied under oath in court in an attempt to obtain a conviction.

23. In fact, based on Officer McClanahan's lying in court, Brandon Williams was convicted in lower court of trespassing.

24. Brandon Williams then appealed his conviction from lower court to circuit court.

25. When the fact that Officer McClanahan had lied to obtain the conviction in General District Court was brought to the attention of the City Attorney's office in Norfolk, they refused to dismiss the charge and instead, forced it to go to court on the appeal.

26. The Judge hearing the appeal in Circuit Court, before the evidence of Officer McClanahan's lying was even brought forward, dismissed the case against Mr. Williams, recognizing that it should never have been prosecuted.

27. The City Attorney who prosecuted that case and Officer McClanahan knew full well as that case was being prosecuted that Officer McClanahan had lied. Yet despite that knowledge, despite the fact that Officer McClanahan had perjured himself, despite the fact that Officer McClanahan's perjury had been brought to the attention of the City Attorney's office by another Commonwealth Attorney who had heard the tape of the interaction between Williams and McClanahan, both the City Attorney and Officer McClanahan continued to pursue the criminal charges in an attempt to obtain a conviction and avoid what has followed.

28. The conduct of Officer McClanahan in perjuring himself in an attempt to obtain a false conviction amounts to a violation of Mr. Williams' rights to due process and equal protection.

29. As a direct result of that conduct, Brandon Williams suffered significant emotional upset, suffered significant physical consequences of that emotional upset, incurred expenses in defending himself, and suffered other injuries that only someone who goes through a criminal prosecution can fully understand.

### Count II - Retaliation for Exercise of Constitutional Rights

30. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

31. By recording McClanahan during his arrest on the trespassing charge, and by pointing out that McClanahan had lied during his testimony on the charge, Williams was exercising his First Amendment rights.

32. By insisting on a trial of the trespassing charge and by challenging the testimony of McClanahan, Williams was exercising his Sixth Amendment rights.

33. The Defendants intentionally retaliated against Williams for the exercise of his rights by misrepresenting facts on the accident report for the September 30, 2020 accident.

34. The Defendants misrepresented the facts on the accident report specifically to retaliate against Williams because they realized that he was the person who "gave McClanahan a ration of shit" regarding the trespassing charge, and did so with the intent to deprive Williams of his property right to bring a claim for the injuries from the accident by trying to minimize the accident and deflect blame from Aman.

35. As a result of the Defendants' actions, Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

### Count III - Denial of Due Process in Violation of the 5th and 14th Amendments

36. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

37. Williams was entitled to a fair and truthful investigation and report of the September 30, 2020 accident by the responding officers.

38. Instead, the Defendants denied Williams due process by intentionally misrepresenting the facts of the accident in their report.

39. The Defendants acted with the intent to deprive Williams of his property right to bring a claim for the injuries from the accident by trying to minimize the accident and deflect blame from Aman.

40. As a result of the Defendants' actions, Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

### Count IV - Denial of Equal Protection in Violation of the 14th Amendments

41. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

42. The Defendants treated Williams differently from others similarly situated intentionally and without a rational basis by intentionally misrepresenting the facts on the accident report.

43. As a result of the Defendants' actions, Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

## Count V - Conspiracy

44. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

45. The Defendants acted jointly and in concert for the purposes of denying Williams his constitutional rights, as described above.

46. As a result of the Defendants' conspiracy, Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

## Count VI - Intentional Infliction of Emotional Distress Arising out of the September 15, 2020 Incident

47. All of the preceding paragraphs are incorporated herein by reference.

48. The conduct of Officer McClanahan and the City Attorney's Office of Norfolk in the original underlying incident is especially troubling. Officer McClanahan, with the full knowledge of and the acquiescence of the City Attorney's Office, perjured himself in an effort to obtain a conviction.

49. Not only was Officer McClanahan not punished for his conduct, but he has been allowed to remain on the police force and has undoubtedly prosecuted other individuals since that time.

50. All of this was done with the full intent and knowledge that it would create and

cause significant emotional distress for Mr. Williams.

51. As a black man already dealing with the consequences of that fact, Mr. Williams now has to deal with, and had to deal with during that time, the fact that police officers would knowingly lie to obtain a conviction on something as minor as a trespassing charge.

52. In the forefront of Mr. Williams' thoughts at that time and continuing today is, "What else is going to happen to me, and if I don't have a recording to prove that I'm telling the truth, how am I going to get out of it?"

53. As a result of the Defendants' actions, Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

### Count VII - Intentional Infliction of Emotional Distress

54. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

55. The conduct of the Defendants, both known and unknown, as described above was intentional and designed to inflict as much emotional distress and trauma on Williams as possible.

56. The Defendants' actions was especially outrageous, since it occurred when Williams was particularly vulnerable, having just suffered serious injuries in an accident.

57. After the accident where Williams had been severely injured and was clearly traumatized, the Defendants stood off in the corner pointing at him, talking about him, and then ultimately making up stories to ensure, or attempt to ensure that Williams' ability to prosecute a personal injury action arising out of the accident would be difficult, if not impossible.

58. As a direct result of that conduct (which Williams heard and saw in real time as it was happening, and as Williams later heard and saw through the video cam of the Defendants), Williams has suffered both physical and emotional injuries which have included sleep disturbance, actual physical pain, and a significant exacerbation of post-traumatic stress disorder.

59. The accident itself caused Williams significant injuries, but the conduct of the Defendants at the scene and afterwards has significantly exacerbated all Williams's symptoms.

## Count VIII

60. All of the allegations set forth in the previous paragraphs are incorporated herein by reference.

61. By virtue of having a supervisor on scene on September 30, 2020, the City of Norfolk both participated in and ratified the unconstitutional conduct as set out above.

62. As such, the City of Norfolk is responsible for the Constitutional violations set out above and is liable for the violation of those Constitutional protections.

WHEREFORE, Williams prays for judgment and execution against the Defendants, jointly and severally, in the amount of $4,567,822.37, punitive damages, plus pre and post judgment, interest, plus all his costs in proceeding with this matter, plus his attorney's fees incurred as a result of proceeding with this matter pursuant to 42 U.S.C. § 1988.

Plaintiff requests a trial by jury.

                                  **BRANDON WILLIAMS**

By    /s/
            Of Counsel

Robert J. Haddad, Esquire
Virginia State Bar Number: 22298
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23452
(757) 671-6036
Fax: (757) 671-6004
rhaddad@srgslaw.com